# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RICKY HAMPTON, )
 )
      Plaintiff, )
 )
  v. ) No. 4:12CV2161 FRB
 )
MISSOURI HIGHWAY PATROL, )
et al., )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 324094), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.57. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that it lacks jurisdiction over this matter. See Fed.R.Civ.P.12(h)(3).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court

must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. <u>Id.</u>

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.85, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.57, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Moberly Correctional Center, brings this action against the Missouri Highway Patrol and James Keathley, Superintendent of the Missouri Highway Patrol, in his "official capacity" for "libel and slander." Plaintiff also makes mention in a supplemental pleading of "defamation" and "false light." Plaintiff claims that he was "browsing the internet" and he "came across a website" by the Missouri Highway Patrol that had a post that "falsely stated that plaintiff forcibly raped a 12 year old girl, that a weapon was used and injury caused." Plaintiff claims defendants are libel for "damages caused by this post" in an amount of at least "2 million."

In addition to his complaint and his accompanying motion to proceed in forma pauperis, plaintiff has also filed a motion for change of venue and a motion for continuance of this action until after his release from incarceration.

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff has chosen to file his action on the Court's regular form complaint, rather than the Prisoner Civil Rights 42 U.S.C. § 1983 Complaint Form, and in the body of his complaint, plaintiff has not set forth any federal laws or constitutionally-protected rights that defendants have allegedly violated. See 28 U.S.C. § 1331; Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009) (noting that the essential elements of a claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right). The claims of "libel and slander" and "defamation and false light" are state law claims for relief and do not avail this Court of subject matter jurisdiction under § 1331.

Moreover, diversity jurisdiction does not appear to exist under 28 U.S.C. § 1332, given that both plaintiff and defendants are Missouri residents, and the amount in controversy has not been alleged to exceed $75,000. As such, the case is subject to dismissal for lack of jurisdiction.

Additionally, the Court notes that even if plaintiff were attempting to bring this action pursuant to 42 U.S.C. § 1983, his claims against defendants would be

subject to dismissal. The Missouri Highway Patrol is a division of the State of Missouri, and the State of Missouri is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Similarly, plaintiff's claim against defendant Keathley, in his official capacity, would also be subject to dismissal for these same reasons. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, again, the State of Missouri. Will, 491 U.S. at 71. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, even if plaintiff had brought his claims against defendants pursuant to § 1983 they would fail to state a claim upon which relief could be granted.

Last, given that the Court lacks jurisdiction over this matter, it will deny plaintiff's motions for continuation of this action until his release from incarceration and for change of venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

subject to dismissal. The Missouri Highway Patrol is a division of the State of Missouri, and the State of Missouri is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Similarly, plaintiff's claim against defendant Keathley, in his official capacity, would also be subject to dismissal for these same reasons. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, again, the State of Missouri. Will, 491 U.S. at 71. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, even if plaintiff had brought his claims against defendants pursuant to § 1983 they would fail to state a claim upon which relief could be granted.

Last, given that the Court lacks jurisdiction over this matter, it will deny plaintiff's motions for continuation of this action until his release from incarceration and for change of venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.57 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for continuation and for change of venue [Doc. #4 and #5] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks subject matter jurisdiction over this action. See Fed.R.Civ.P.12(h)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of January, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE